Indictment for murder.   Before. Judge Hutchins.   Walton superior court.   August term, 1897.

*A. C. Stone, E. C. Armistead* and *George & George*, for plaintiff in error.   *J. M. Terrell, attorney-general, C. H. Brand, solicitor-general,* and *L. L. Middlebrook*, contra.

---

## SOLOMON *v.* WHITEHURST *et al.*

LUMPKIN, P. J.   This court will not interfere with the discretion of a trial judge in overruling a motion for a new trial, based on the general grounds that the verdict is contrary to law and to the evidence, when it appears that the evidence, though conflicting, was amply sufficient to support the conclusion reached by the jury and expressed in the verdict.
                    *Judgment affirmed.   All the Justices concurring.*

Submitted October 25, — Decided December 20, 1897.

Equitable petition, etc.   Before Judge Smith.   Twiggs superior court.   July 30, 1897.

*Hardeman & Moore*, for plaintiff in error.
*F. Chambers* and *L. D. Shannon*, contra.

---

## MOORE *et al.*, survivors, *v.* MADDOX.

LEWIS, J.   Under the facts disclosed by the record in the present case, the trial judge did not abuse his discretion in reinstating the same.
*Judgment affirmed.   All the Justices concurring, except Lumpkin, P. J., and Cobb, J., who were disqualified.*

Argued December 1, 2, — Decided December 20, 1897.

Motion to reinstate.   Before Judge Lumpkin.   Fulton superior court.   March term, 1897.

*Alexander & Victor Smith*, for plaintiffs.
*Maddox & Terrell*, for defendants.

---

## JONES *v.* WEST VIEW CEMETERY.

SIMMONS, C. J.   1. The law does not contemplate that a proper and lawful brief of evidence designed for incorporation in a bill of exceptions can be made out of an original stenographic report of a trial, embracing ques-